Davis, J.,
delivered the opinion of the court:
By Act February 28, 1823 (3 Stat. L., 727), a certain land grant was, in 1823, confirmed to Antonio Yaca, since deceased,, and whose legal representatives in this matter the claimants-allege themselves to be, as legatees of one Andrew Hodge, jr.,. who obtained title to the grant in 1836. No steps to locate or satisfy the grant seem to have been taken until 1872, when W. H. Hawford purchased the claim at an administrator’s sale of this part of Andrew Hodge’s estate, the sale being ordered by a parish court in the State of Louisiana, which apparently had. *353 jurisdiction in tbe premises. Hawford thereupon applied for certificates of location in satisfaction of tbe grant, which in due course were issued to him, and have passed into the hands-of third parties. .Some of these certificates have been located upon the public lands and some are still outstanding and not, located. In 1883 the claimants applied for satisfaction of the-same grant-, and were refused by the surveyor-general because of the prior settlement with Hawford; they appealed to the-Department of the Interior, and, in accordance with the Bowman Act, the Secretary has transmitted the matter to this court for our opinion upon several points, one of which is immediately presented by the motion of the defendants, now' under consideration, that the court- shall certify to the Secretary of the Interior that upon the issue of the certificates to Hawford the department became functus officio.
It appears to be substantially admitted, at least for the purposes of this motion, that the proceedings under which Haw-ford obtained title, although regular ou their face and calculated to deceive the officers of the department, were in reality void by reason of lack of jurisdiction in the local parish court to reopen the Vaca succession and sell this asset, and that the-, claimants’ title, although it has lain dormant nearly fifty years,, during which innocent parties have obtained interests under-the Hawford certificates, is still paramount, so that the department should issue to them new certificates of location, or at least deliver to them those certificates already issued which may hereafter come into the defendants’ possession through am application for their location or otherwise.
If the claimants’ allegations are well founded, they probably have a remedy against Hawford, and if they have been injured by the laches or error of government officers, they may perhaps have a claim for indemnity which will be recognized by Congress ; but under the motion now made, and under the provisions of the Bowman Act, we have to decide at this time not upon the rights of the claimants, but upon the power of the Secretary.
The statute provides (11 Stat. L., 294) that where a private land claim has been confirmed by Congress, but has not been located and remains unsatisfied, the appropriate surveyor-general shall “issue to the claimant or his legal representatives” a certificate of location. Hawford made application under this *354 act, his title was on its face valid, and scrip was issued which certified that Yaca "or his legal representatives” were entitled to locale certain quantities of land. This scrip was sent to the surveyor-general, who delivered it to Hawford, relying upon the apparently good title set up by him. Perhaps this was an error which leaves the United States liable in damages to the claimants, but it was none the less an exercise of the power given by the act, and exhausted that power. It either was or was not the duty of the surveyor-general to decide in whom the title to the certificate rested ; if it was his duty, then the performance of it is not reviewable by his successor; if the decision of that question was not by law imposed upon him, then the issue of the certificates running on their faceto Yaca or his legal representatives, even if delivered by mistake to one not entitled to receive them, was an exercise of all the power the statute gave him. The statute allows the land office to issue one set of certificates, and only one, in satisfaction of these grants; it does not authorize that office to correct errors by the issue of duplicate sets, and any wrong done or injury inflicted by the mistaken delivery must be remedied in the courts or by ■Congress.
It is our opinion that the Department of the Interior is without further power in the matter, and the motion is allowed. The clerk will certify a copy of this opinion to the Secretary of the Interior, for his guidance and action.